**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TATIANA BELL, Individually, and on Behalf of All Others Similarly Situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. ____________** |
| **v.** | § | |
| | § | |
| **ENCORE ENTERPRISES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### PRELIMINARY STATEMENT

Encore Enterprises, Inc. (“Encore” or Defendant”) violates the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (“FLSA”), by failing to pay its paralegals for all hours worked and for overtime. Tatiana Bell (“Bell” or “Plaintiff”) brings this collective action to recover the unpaid wages owed to her and other similarly situated employees resulting from this violation of law.

### PARTIES

1. Defendant Encore Enterprises, Inc. is a Texas corporation, and may be served by serving its registered agent, Sharat H. Shagani, 5005 LBJ Freeway, Suite 1200, Dallas, Texas 75244, or wherever he may be found.

2. Plaintiff Tatiana Bell worked at Encore from May 4, 2015, to August 11, 2015. She resides in Dallas County, Texas. Her consent to participate in this action is attached as Exhibit A.

3. Bell worked as a paralegal performing non-exempt job duties including, but not limited to, assisting with drafting of leases, purchase/sale contracts, and other contracts and legal

documents; the preparation and maintenance of lease abstracts; the maintenance of legal transaction logs for status of each transaction; preparing formation documents and necessary state filings and obtaining FEINs as required for corporate entities; and other duties as assigned by a direct supervisor. She had no managerial duties, no managerial authority, and exercised no discretion. Her primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance. She did not perform work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction, or requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor. Bell and those similarly situated are not exempt from the overtime requirements of the FLSA.

4. Each similarly situated person who participates as a plaintiff in this lawsuit ("Opt-in Plaintiff Class Member") will execute and file a Notice of Consent. Individuals similarly situated to Bell are the paralegals who work or have worked for Defendant more than forty (40) hours per workweek and were not paid overtime, from three years prior to the filing of this Complaint to the present (collectively, the "Members of the Class"). Bell and the Members of the Class regularly worked in excess of forty (40) hours in a workweek and were not paid overtime wages at a rate of at least one and one-half times her regular hourly rate for any and all hours worked in excess of forty (40), as required under the FLSA. They have been injured by the illegal practices and conduct alleged in this Complaint. Plaintiff's claims under the FLSA are similar to and typical of the claims of the Members of the Class.

## JURISDICTION

5. This Court has jurisdiction under 28 U.S.C. § 1331 because the Plaintiff has asserted a claim arising under federal law, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## VENUE

6. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b) because Defendant regularly conducts business in this District and the events forming the basis of the suit occurred in this District.

## FLSA COVERAGE

7. At all times mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

8. At all times mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

9. At all times mentioned, Defendant has been an enterprise engaged in interstate commerce within the meaning of Section 3(s)(l) of the FLSA. 29 U.S.C. § 203(s)(l). Defendant has had employees engaged in interstate commerce, and Defendant has had and has annual gross volumes of sales made or business done of not less than $500,000 during the relevant time period.

10. At all times mentioned, Plaintiff and the Members of the Class were and/or are engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS

11. Defendant is a diversified real estate investment company, headquartered in Dallas, Texas, and has more than 1,000 corporate and project level employees across the United States. Defendant is well aware of the FLSA's requirements.

12. During the relevant time period, Bell and the Members of the Class worked or work on average over forty (40) hours per week.

13. Paralegals are non-exempt, non-attorney employees. Paralegals are not exempt from the FLSA requirements to pay time and a half for time worked over forty (40) hours in a workweek. In performing her duties as a paralegal, Bell was an employee engaged in commerce working on real estate transactions across the United States.

14. Bell is aware of other current and former employees who are similarly situated in that they are or were paralegals who were not paid for all hours worked and are not exempt. Defendant has implemented and applied the same policies for their employees who work as Paralegals. Therefore, pursuant to 29 U.S.C. § 216(b), Bell sues on behalf of herself and all other employees regardless of their title who are similarly situated employees. Bell also requests that the Court authorize her counsel to provide notice to similarly situated employees without regard to their job title during the pendency of this action and apprise them of their right to join this lawsuit.

15. Defendant's conduct described above constitutes a willful and intentional violation of the FLSA. Defendant is aware of its responsibility to pay paralegals for all hours worked, including all overtime paid at one and one-half times the regular rate. Defendant was and is well aware of the number of overtime hours its employees work, but Defendant nevertheless intentionally and willfully refuses to pay for all hours worked.

## INDIVIDUAL ALLEGATIONS

16. Section 7(a)(1) of FLSA, 29 U.S.C. § 207(a), provides:

> "[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

17. During the relevant period, Bell regularly worked more than forty hours in a workweek. She was entitled to be paid overtime compensation as provided under Section 7(a) of the FLSA, 29 U.S.C § 207(a), for all hours worked in excess of forty hours in a workweek.

18. No exemption excused Defendant from paying Bell overtime compensation and Defendant has not made a good faith effort to comply with the FLSA. During the liability period, Defendant has not employed Bell or any of its paralegals in bona fide executive positions, as a bona fide administrative employee, or in bona fide professional positions. Defendant instead knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding the amount Bell was paid. Defendant's failure to pay Bell for all overtime worked is and was a clear violation of the FLSA.

19. The United States Department of Labor has made it clear, in both its regulations and in official Opinion Letters issued by the Wage-Hour Administrator that paralegals are, with only the rarest exceptions, non-exempt employees. Indeed, 29 C.F.R. § 541.301(e)(7) contains the statement, "Paralegals and legal assistants generally do not qualify as exempt learned professionals." No paralegals in Defendant's employ fit any criteria for exemption.

## COLLECTIVE ACTION ALLEGATIONS

20. The Members of the Class had similar schedules and responsibilities as Bell. The Members of the Class were subjected to the same pay practices and policies as Bell.

21. Although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are similarly situated in terms of pay provisions.

22. Defendant's failure to pay overtime compensation as required by the FLSA results from generally applicable policy, practices, and enforced job requirements that do not depend on the personal circumstances of the Members of the Class. The generally applicable policies are specifically prohibited by the FLSA. Thus, Bell's experiences are typical of the experience of the Members of the Class.

23. No justification exists for Defendant's failure to pay the Members of the Class for all hours worked. Likewise, no exemption exists to excuse Defendant's failure to pay overtime pay for all hours worked over forty hours per workweek. Defendant has not made a good faith effort to comply with the FLSA with respect to the Members of the Class. Instead, Defendant knowingly, willfully, with intent, or with reckless disregard carried out an illegal pattern or practice regarding the amount the Members of the Class were paid. Defendant's failure to pay the Members of the Class for all overtime worked is and was a clear, willful, and intentional violation of the FLSA.

24. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> All current and former employees of Defendant employed as Paralegals who worked more than forty (40) hours in a workweek and were not paid overtime for the hours in excess of forty (40) during the three year period preceding the filing of this Complaint.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT FAILURE TO PAY OVERTIME (COLLECTIVE ACTION)**

25. The Paralegals incorporate the allegations in the preceding paragraphs as if fully set forth in their entirety.

26. During the relevant period, Defendant violated Section 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Bell and Members of the Class have worked more than forty hours in a week without receiving pay at one and one-half times their regular rates for all hours worked in excess of forty hours. Defendant has acted willfully in failing to pay Bell, and the Members of the Class in accordance with the law. *See* 29 U.S.C. § 255(a).

27. Bell and the Members of the Class are therefore entitled to their unpaid wages at one and one-half times their regular pay for all hours worked in excess of forty hours in a workweek.

28. Bell and the Members of the Class are entitled to an additional amount equal to all of their unpaid overtime compensation as liquidated damages.

29. Bell and the Members of the Class also are entitled to reasonable attorneys' fees, costs and expenses, and pre- and post-judgment interest. *See* 29 U.S.C. § 216(b).

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**RELIEF SOUGHT**

Bell and the Members of the Class request judgment against Defendant awarding:

a. Upon proper motion, enter an order certifying this law suit as a collective action on behalf of all current and former Paralegals who worked more than forty (40) hours in a

workweek and were not paid overtime for the hours in excess of forty (40) during the three year period preceding the filing of the Complaint.

b. Unpaid overtime wages due to Bell and the Opt-in Plaintiff Class Members;

c. Liquidated damages equal in amount to the unpaid overtime wages due to Bell and the Opt-in Plaintiff Class Members;

d. Reasonable attorneys' fees;

e. Costs and expenses;

f. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

g. Such other relief as may be necessary and appropriate.

Respectfully Submitted,

*_/s/ Jennifer J. Spencer_*
Jennifer J. Spencer
Attorney-in-Charge
State Bar No. 10474900
jspencer@spencerscottlaw.com
Mary L. Scott
State Bar No. 17906750
mscott@spencerscottlaw.com
James E. Hunnicutt
State Bar No. 24054252
jhunnicutt@spencerscottlaw.com
Spencer Scott pllc
Two Lincoln Centre
5420 LBJ Freeway, Suite 300
Dallas, Texas 75240-6271
(972) 458-5319 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFF TATIANA BELL**

# EXHIBIT A
## Consent Form – Tatiana Bell

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TATIANA BELL, Individually, and on Behalf of All Others Similarly Situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. ___________** |
| **v.** | § | |
| | § | |
| **ENCORE ENTERPRISES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**NOTICE OF CONSENT**

I, the undersigned, an employee currently or formerly employed by Encore Enterprises, Inc., hereby consent to be a party plaintiff in an action to collect unpaid wages.

Tatiana Bell

Signature

3/2/2016

Date